CHURCH v. MILLER, appellant.

*Costs — on trial in county court of justice's court action.*

In an action in a justice's court, plaintiff claimed $50, and defendant set up a counter-claim for a like amount. The justice rendered a judgment in favor of defendant for his counter-claim, from which plaintiff appealed. Upon a new trial in the county court, the jury rendered a verdict of no cause of action on the part of plaintiff, but did not find in favor of defendant's counter-claim. *Held*, that defendant was bound to make no offer and was entitled to costs in the county court.

APPEAL from an order made by the county judge of Orange county, striking the defendant's costs, as taxed by the clerk, from a judgment of the county court, entered upon the verdict of a jury, and inserting therein costs in favor of the plaintiff.

The action originated in a justice's court. In the pleadings, plaintiff claimed $50 for house rent, and defendant set up as a counter-claim a demand of $50 and interest, for work, labor and services. The justice rendered judgment in favor of the defendant for $50 and costs. From this judgment plaintiff appealed to the county court, asking for a new trial. No offer was made by the defendant.

In the county court, the cause being tried with a jury, they rendered a verdict of no cause of action, and both parties claimed

costs. The clerk taxed the defendant's costs, and judgment was entered accordingly. On motion of plaintiff, the county court ordered the defendant's costs stricken from the judgment and plaintiff's costs inserted, from which order defendant appealed.

*B. R. Champion,* for appellant.

*Sharpe & Winfield,* for respondent.

BARNARD, P. J. The sole question presented is as to which party is entitled to costs.

The action was brought by plaintiff against defendant in a justice's court. The plaintiff asked a judgment for rent, and the defendant set up a counter-claim for work and labor. The defendant obtained judgment against the plaintiff for $50, besides costs. The plaintiff appealed, claiming a judgment in his favor of $50. The case was tried in the county court of Orange county by a jury, and a verdict rendered of no cause of action. The county judge has, by order, given costs to the plaintiff, and the defendant appeals.

The question of costs is to be determined, without regard to any question of offer made or omitted to be made. The case indisputably is one where the defendant was bound to make no offer.

The defendant was the prevailing party, and is entitled to costs by reason thereof, unless he falls within an exception or limitation created under section 371 of the Code.

The learned county judge says the judgment was wholly reversed. I do not think it was. The justice's judgment established two things: 1st, that plaintiff had no claim against defendant; 2d, that the defendant has a claim of $50 against the plaintiff.

The plaintiff appeals and claims what he claimed before the justice, namely: a judgment in his favor against the defendant of $50 or over. The new trial in the county court established two things: 1st, that plaintiff had no claim against defendant; and 2d, that defendant had none against the plaintiff. It was not an entire reversal of the justice's judgment. That part of it which destroyed the plaintiff's claim was upheld. If the justice's judgment had been simply for the defendant, destroying the plaintiff's claim, and the plaintiff had appealed, there would be no question as to defendant's right to costs. When the defendant's rights are not affected by the question of offer, I cannot see how he can cease to be the pre-

vailing party. He has not prevailed, it is true, to establish his own claim; but he has prevailed to destroy the plaintiff's claim, and, thus far, his judgment before the justice was not reversed.

*Order reversed.*